IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| SARA TKACHYK, individually and on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS HOME & MARINE INSURANCE COMPANY, THE CHARTER OAK FIRE INSURANCE COMPANY, NORTHLAND CASUALTY COMPANY, NORTHLAND INSURANCE COMPANY, PHOENIX INSURANCE COMPANY, ST. PAUL FIRE & MARINE INSURANCE COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, THE STANDARD FIRE INSURANCE COMPANY, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, TRAVELERS COMMERCIAL INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and RODERICK MCNEIL,<br><br>Defendants. | CV 16–28–M–DLC<br><br>ORDER |

On May 17, 2017, the matter of the Court's final approval of the Stipulation of Settlement submitted on December 29, 2016 by the Motion for Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Setting Date for Settlement Fairness Hearing, came before the Court for consideration. Appearing on behalf of Plaintiffs and the Settlement Class was Allan M. McGarvey, McGarvey, Heberling, Sullivan & Lacey, P.C. 345 First Avenue East, Kalispell, MT 59901; Judah M. Gersh and Brian M. Joos, Viscomi, Gersh, Simpson & Joos, PLLP, 121 Wisconsin Avenue, Whitefish, MT 59937; and Alan J. Lerner, Lerner Law Firm, P.O. Box 1158, Kalispell, MT 59903-1158 ("Class Counsel"). Appearing on behalf of Defendants was Marshal Mickelson, Corette Black Carlson and Mickelson P.C., 129 W. Park Street, Suite 300, Butte, MT 59701; and Mark L. Hanover, Dentons 233 S. Wacker Dr., Suite 5900, Chicago, IL 60606.

WHEREAS, the Named Plaintiff, Sara Tkachyk, and Defendants Travelers Home & Marine Insurance Company, The Charter Oak Fire Insurance Company, Northland Casualty Company, Northland Insurance Company, Phoenix Insurance Company, St. Paul Fire & Marine Insurance Company, St. Paul Mercury Insurance Company, The Standard Fire Insurance Company, Travelers Casualty Insurance Company of America, Travelers Commercial

Insurance Company, The Travelers Indemnity Company, Travelers Indemnity Company of America, The Travelers Indemnity Company of Connecticut, and Travelers Property Casualty Company of America, individually and on behalf of all affiliated entities (collectively, "Travelers," as defined in the Stipulation of Settlement), have executed and filed a Stipulation of Settlement with the Court on December 29, 2016. The Settlement is on behalf of the Travelers Defendants only and does not apply to Defendant Roderick McNeil; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference; and

WHEREAS, the Court, on February 3, 2017, entered the Order Re: Preliminary Approval of Settlement and Approval of Notice of Pendency of Settlement of Class Action to Class Members ("Preliminary Approval Order"), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action, and, on February 14, 2017, entered an order correcting and amending the Stipulation of Settlement and resetting the final hearing date; and

WHEREAS, Sara Tkachyk was approved in the Preliminary Approval Order as the Class Representative; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the Settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on May 17, 2017, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Travelers and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed; and

WHEREAS, a final approval hearing was held on May 17, 2017, at which all interested persons were given an opportunity to be heard, and all objections to the Settlement, if any, were duly considered;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

1. The Complaint filed in this Action alleges generally that Travelers engaged in improper subrogation in Montana by subrogating before conducting a proper made whole analysis.

2. As part of the Preliminary Approval Order, the Court certified the Settlement Class, for settlement purposes only, defined as follows:

All Persons (and their heirs, executors, administrators, successors and assigns), as of July 26, 2016, (a) who were insured under an auto insurance policy issued by Travelers in Montana; (b) with respect to whom Travelers recovered subrogation on a Montana automobile insurance claim after January 11, 2008, *i.e.*, 8 years before the filing of the Action.

Excluded from the Class are: all present or former officers and/or directors of Travelers, Class Counsel and their resident relatives, the Judge in this case and his resident relatives, and Travelers' counsel of record and their resident relatives. Also excluded are persons who properly executed and filed a timely request for exclusion from the Class.

3. The Court hereby affirms this definition of the Settlement Class for purposes of this Final Judgment.

4. The Court certifies the Settlement Class in this Action, for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3), and, in so doing, finds that, for settlement purposes only, the requirements for maintaining a class action have been met - in particular because: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Settlement Class; and (4) the Named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

5. The Named Plaintiff and Travelers have entered into the Agreement which

has been filed with the Court. The Agreement provides for the Settlement of this Action with Travelers on behalf of the Named Plaintiff and the Settlement Class Members, subject to approval by the Court of its terms. The Court scheduled a hearing to consider the approval of the Settlement, and directed that the Class Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

6. In accordance with the terms of the Settlement and the Preliminary Approval Order, the parties implemented the Notice Plan approved by the Court. Travelers' counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan.

7. The Court hereby finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

8. The Named Plaintiff and Travelers have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. Pursuant to the Class Notice, a hearing was held before this Court, on May 17, 2017, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the

merits, with prejudice and without leave to amend should be entered.

9. The Court hereby finds that approval of the Agreement and the Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

10. The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto, and is fair, reasonable, and adequate.

NOW, THEREFORE, FINDING GOOD CAUSE APPEARING, IT IS ORDERED, ADJUDGED AND DECREED THAT:

11. The Court possesses jurisdiction over the subject matter of this Action, the Named Plaintiff, the Settlement Class Members, Travelers, and the Released Persons.

12. No Settlement Class Members have filed requests for exclusion. All Settlement Class Members are therefore bound by this Final Judgment and by the Agreement and the Settlement embodied therein, including the Releases.

13. All provisions and terms of the Settlement, as amended pursuant to this Court's February 14, 2017 Order, are hereby found to be fair, reasonable and adequate as to the Settlement Class Members and the Named Plaintiff, and all provisions and terms of the Settlement so amended are hereby finally approved in

all respects.

14. The Parties are hereby directed to consummate the Settlement, as amended, in accordance with its terms.

15. The Claim Form sets forth six categories of damages for which class members may be eligible to recover under the terms of the Agreement. The Court orders that recovery under these categories is for settlement purposes only, and nothing in the Agreement or the Claim Form imposes any obligation on Travelers to compensate past or future claimants for these categories of damage outside of the Agreement, or is otherwise an admission by Travelers that these categories are either compensable under Travelers insurance policies or properly part of any made whole analysis.

16. The Court directs that any unclaimed amounts of the Net Settlement Fund remaining after a period of 6 months following the completion of the procedures for distribution, resulting from returned checks, uncashed checks, or otherwise, will be disbursed to the non-profit named "Disability Rights, Montana."

17. The Class Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class and their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and

permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person. This dismissal shall not affect Class Representative Sara Tkachyk's individual claims for underinsured motorist coverage only. Sara Tkachyk's individual claims for underinsured motorist coverage have not yet been filed in any court and shall not be barred or affected in any fashion by this Final Judgment and Order of Dismissal.

18. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against all the Released Persons.

19. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, claims, causes of action, allegations, or suits of whatever kind or nature, whether in contract, tort or in equity, debts, liens, liabilities, agreements, interest, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential, treble, statutory and/or punitive or exemplary or other) arising from or related to allegations regarding any purported improper

subrogation activity whatsoever by Travelers, including, but not limited to: negligence; contractual insurance coverage of any kind; statutory insurance bad faith; breach of contract; breach of the implied covenant of good faith; constructive fraud; conversion; civil conspiracy; aiding and abetting; unfair claim settlement practices, unfair trade practices; unfair insurance practices; conversion; premium overcharges; fraud; misrepresentation; deception; consumer fraud; interference with contract or business expectations; injunctive relief, declaratory judgment; unfair competition; unjust enrichment; deceptive practices; unfair business practices; breach of fiduciary duty; mental or emotional distress and/or common law bad faith, relating in any way whatsoever to Travelers' subrogation practices in Montana, and/or which were brought or could have been brought in the Action.

20. "Released Persons" means Travelers, as defined in the Agreement, and any of its past, present or future officers, stockholders, attorneys, insurers, reinsurers, excess insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns, divisions, or legal representatives thereof.

21. "Unknown Claims" means any claims arising out of facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by the Agreement, as to any of the Released Claims, as specifically

defined above, so that each Settlement Class Member shall be deemed to have expressly waived any and all Unknown Claims relating to any matter covered by the Agreement to the full extent permitted by law, and to the full extent of claim preclusion and *res judicata* protections.

22. It is hereby determined that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all the Settlement Class Members, and this Court hereby finds that the Class Notice complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable

23. Within 90 days after the Effective Date, Class Counsel and/or other attorneys for the Named Plaintiff in this Action, or any Settlement Class Member or their counsel, shall destroy all Proprietary Information provided by Travelers to Class Counsel or anyone they employed or retained in this Action, either in discovery or in connection with the Agreement. Class Counsel shall deliver a letter to Travelers' counsel certifying their compliance with this Paragraph. Further, neither Class Counsel, nor anyone employed with, retained by, or otherwise associated with Class Counsel, nor any other attorney or Person who

shall have access to this information, shall use any of this Proprietary Information in any other litigation or proceeding, current or future, or for any other purpose whatsoever.

24. Also in furtherance of this confidentiality provision, Class Counsel and the Named Plaintiff, and any Settlement Class Member or their counsel, shall not make any statements to the media, orally or in writing, about the Action, or the Settlement, other than statements which are fully consistent with the Agreement and the Class Notice, except in a bona fide court proceeding relating to the subject matter of the Action.

25. The Agreement, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Travelers, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Travelers. The Agreement and Settlement are not a concession by the Parties and, to the extent permitted by law, neither this Final Judgment nor the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be utilized or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by any of the Released Persons,

except in any proceedings brought to enforce the Agreement or otherwise with the written consent of Travelers at its sole discretion; however, Travelers may use the Agreement or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

26. The Court has considered the request for a Class Representative award, and hereby approves and awards Plaintiff/Class Representative Sara Tkachyk the amount of $2,500 to be paid out of the Settlement Fund amount by Class Counsel.

27. The Court has considered Class Counsel's request for an Attorneys' Fees award of for the prosecution of this action, and hereby makes an Attorneys' Fees award in the amount of $315,119.00, representing 25% of the $1,260,476 Settlement Fund and, additionally, an award for costs of litigation in the amount of $ 375.04, which is in addition to counsel's reimbursement of all advances of the class administration and adjustment costs, all of which fees and costs are to be paid out of the Settlement Fund. This award is made upon the following findings and conclusions:

(a) an award of fees and costs is authorized under the common fund doctrine for the relief obtained for the class members;

(b) the fee and cost award reflects the market value for contingent payment of legal services, and corresponds to the judicially-recognized benchmark for fee recovery in class actions of this size;

(c) the fee award takes into account the fees recovered by the class in the settlement of its attorney fee claim;

(d) the fee award is reasonable and fair both to class counsel and to the class members in view of the result achieved for the class; and

(e) the cost award is for reasonable and actual costs incurred in pursuing the class claims.

28. This Final Judgment is a final order in the Action within the meaning and for the purposes of Rules 23(e), 41, and 54 of the Federal Rules of Civil Procedure as to all claims among Travelers on the one hand, and the Named Plaintiff, Class Representative and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this

Action for purposes of:

    (a)    Enforcing this Final Judgment, the Agreement and the Settlement;

    (b)    Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

    (c)    Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED.

DATED this 17th day of May, 2017.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court